IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

JAMES L. JOHNSON,

                        Defendant.

ORDER

08-cv-455-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff United States of America has moved for summary judgment in this civil case to recover a debt from defendant James L. Johnson, who defaulted on student loans. Defendant has answered the complaint but has failed to respond to the summary judgment motion.

    For the purpose of deciding the motion, I find from the facts proposed by plaintiff that are unopposed by defendant that the following facts are both undisputed and material.

## UNDISPUTED FACTS

    Defendant James L. Johnson is a resident of Wausau, Wisconsin. On June 16, 1986; September 11, 1986; January 18, 1987; and June 12, 1987, he executed promissory notes

1

to obtain loans from the University of Wisconsin-Whitewater in Whitewater, Wisconsin, in the amounts of $800.00, $450.00, $450.00 and $800.00, plus 5% per annum, repayable in installments.

The loans were guaranteed by the federally funded National Defense/Direct Student Loan (now the Perkins Student Loan Program) under the provisions of Title IV-B of the Higher Education Act of 1965, as amended. UW-Whitewater demanded payment according to the terms of the notes. On March 18, 1994, defendant defaulted on the terms of the notes.

The university filed a claim on the loan guarantee. After it credited all cancellations due and payments received, it determined that defendant owed $2,500 in principal and $347.50 in interest. Together with unpaid charges, the total defendant owed was $2,877.53.

On July 8, 1996, the university assigned all rights and title to the loans to the United States Department of Education. The department has received a total of $274.65 in payments from all sources, including offsets from the Department of the Treasury, if any, and has applied that amount to the balance of defendant's debt.

As of January 29, 2008, defendant was indebted to the United States in the principal amount of $2,500, plus interest in the amunt of $1,525.90, with interest to accrue to the date of judgment at the rate of $5% per annun.

On October 20, 1993, defendant executed a fifth promissory note to obtain a loan

from the Federal Family Education Loan Program Consolidation from Student Loan Marketing Association in Merrifield, Virginia, in the amount of $35,966.75, plus 9% interest per annum. The lender disbursed $35,966.75 to defendant on March 30, 1994. The note was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under the provisions of Title IV-B of the Higher Education Act of of 1965, as amended, 20 U.S.C. § 1071 et seq. and the Code of Federal Regulations, Title 34, Part 682. The lender demanded payment according to the terms of the note. Defendant had paid nothing on the outstanding principal owed on the loan and was entitled to no credit to principal.

On June 20, 1996, defendant defaulted on the loan from Student Loan Marketing Association by failing to make payments of principal and interest. The lender filed a claim on the loan guarantee. The guarantor paid a claim to the lender in the amount of $43,074.82, making the entire amount payable to the lender due to the guarantor as principal. On January 24, 2003, the guarantor assigned all rights and title in the note to the Department of Education. The department reimbursed the guarantor for the claim. Since then, the department has received no payments of any kind from any source, including Treasury Department offsets. As of January 29, 2008, defendant owed plaintiff the principal amount of $43,074.82, plus interest in the amount of $45,041.86, with interest to accrue to the date of judgment at the rate of 9% per annum.

3

Plaintiff has demanded judgment against defendant for student loans in the principal amount of $2,500 plus interest of $1,525.86 as of January 29, 2008 and interest to accrue to date of judgment at the rate of 5% per annum and in the principal amount of $43,074.82 plus interest of $45,041.86 as of January 29, 2008 and interest thereafter to date of judgment at the rate of 9% per annum, plus a civil filing fee of $350.

OPINION

Jurisdiction over this case exists under 28 U.S.C. § 1345.  Venue is proper:  defendant resides within this district.

Defendant has not contested any of plaintiff's proposed findings of fact or raised any valid defenses to plaintiff's claims.  (He alleged in his answer that plaintiff failed to state a claim in its complaint, failed to mitigate damages, waived any right to assert certain allegations, failed to satisfy any conditions precedent necessary to commence the action and is barred from collecting by the statute of limitations, but did not allege any facts, either in its answer or elsewhere, to support these supposed obstacles to proceeding.)

Plaintiff is entitled to judgment against defendant in the amounts it is seeking.

ORDER

IT IS ORDERED that plaintiff United States of America's motion for summary

judgment is GRANTED. FURTHER, IT IS ORDERED that the clerk is to enter judgment against defendant James L. Johnson in the principal amount of $2,500 plus interest of $1,525.86 as of January 29, 2008, with interest to accrue to date of judgment at the rate of 5% per annum, and in the principal amount of $43,074.82 plus interest of $45,041.86 as of January 29, 2008 and interest thereafter to date of judgment at the rate of 9% per annum, plus costs.

Entered this 26th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge